# EXHIBIT "A"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
10/19/2020  9:25AM
BY: KMADDEN
DEPUTY

Case No.: P1300CV202000856
HON. JOHN NAPPER

1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

5  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
   ## IN AND FOR THE COUNTY OF YAVAPAI
6

7  | | Case No: |
   | | **COMPLAINT** |
8

9  Peter Strojnik,

10                                  Plaintiff,

11              vs.

12  Liberty Hospitality Group, LLC dba La
13  Quinta Inn & Suites by Wyndham;
    Wyndham Hotels and Resorts, LLC
14

15                              Defendants.
16

17
18
19

1.  **Americans with Disabilities Act**
2.  **Negligence**
3.  **Negligent Misrepresentation**
4.  **Failure to Disclose**
5.  **Common Law Fraud / Consumer Fraud**
6.  **Consumer Fraud – Brand Deceit**
7.  **Civil Conspiracy to Commit Fraud**
8.  **Aiding and Abetting Fraud**

**JURY TRIAL REQUESTED**

20                          **NATURE OF THE CASE**

21  1.  Segregation of the disabled is the last vestige of collectively acceptable discrimination.
22      Discrimination is highly prevalent in the lodging industry.

23  2.  Despite the collectively acceptable discrimination, however,  Plaintiff is entitled to full
24      and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right
25      to equal and full participation in the benefits and services in lodging facilities is
        inviolate.
26
27  3.  The lodging industry is subject to specific accessibility disclosure requirements under
28      28 C.F.R.  36.302(e)(1)(ii),  and  specific  architectural  accessibility  requirements
        pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant Liberty Hospitality Group, LLC ("Liberty"); and

   b. Violations of common law and statutory consumer protection laws against Liberty; and

   c. Brand deceit for deceptive self-identification against Liberty; and

   d. Civil Conspiracy against Liberty and Wyndham; and

   e. Civil Aiding and Abetting against Wyndham related to (i) Liberty's use of Wyndham's website platform to provide incorrect and deceptive accessibility information and (2) for assisting Liberty in its deceptive self-identification.

2

1

**PARTIES**

2  9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA
3     Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

4  10. Defendant Liberty owns, operates leases or leases to a lodging business located at
5      4499 East State Route 69, Prescott, AZ 86301 ("Hotel").

6  11. Defendant Wyndham is an international lodging and franchising chain and the direct
7      or indirect owner of the brands "La Quinta" and  "La Quinta Inn & Suites by
8      Wyndham".

**JURISDICTION AND VENUE**

9
10 12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-
       123. Venue is proper pursuant to A.R.S. § 12-401.

11 13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,*
12     Plaintiff's claim for equitable nominal damages.

13 14. The ADA violations documented below relate constitute barriers to Plaintiff equal
14     enjoyment of defendant's Hotel by virtue of the limitations of major life activities
15     described in Table 1 below, that is, walking, standing, sitting, bending, sleeping,
16     working, performing manual tasks, reaching, grasping, lifting, climbing, kicking,
17     pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a
18     manner understood by the application of common sense, e.g., in improperly
19     configured handrail relates to Plaintiff's walking and grasping while an improperly
20     configured staircase relates to his walking and climbing impairments[1].

21 15. These barriers impair Plaintiff's full and equal access to the Hotel.

22 16. Plaintiff is deterred from visiting the Hotel  based on Plaintiff's knowledge that the
23     Hotel is not ADA compliant as such compliance relates to Plaintiff's disability.
       However, Plaintiff intends to return to the Hotels periodically to test them for ADA
24

25

---

26 [1] These are merely examples of the application of common sense; the referenced violations
27 were not necessarily encountered at Defendant's Hotel. The actual barriers are
   photographically documented elsewhere in this Complaint. Each photograph has a
28 description of the violation in common everyday language which relates to one or more of
   the limited life activities described above.

compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et

seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |

| | | | | | |
|---|---|---|---|---|---|
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |

Table 1

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

///

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

    a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

    b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

    c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

    d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

        1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

        2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

    e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

    f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

7

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)    Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

1    29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies]
2        and describe[s] accessible features and guest rooms offered through its reservations
3        service in sufficient detail to assess independently whether [Defendant's Hotel or
4        guest room] meet [Plaintiff's] accessibility needs".

5    30. The reproduction of relevant booking websites in Table 2 below demonstrates a
6        failure to identify and describe accessible features and guest rooms offered through
7        its reservations service in sufficient detail to permit Plaintiff to assess independently
8        whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

9    **28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES**
10   https://www.wyndhamhotels.com/laquinta/prescott-arizona/la-quinta-
     conference-center-
11   prescott/overview?CID=LC:LQ::GGL:RIO:National:11293&iata=00093796

12   ♿ Accessible Amenities

13   Accessible Business Center                        Accessible Route to Fitness Center
14   Accessible Car Self-Park                          Accessible Route to Front Desk
     Accessible Fitness Center                         Accessible Route to Meeting/Event Space
15   Accessible Front Desk                             Accessible Route to Pool
16   Accessible Guest Room Doorways with 32" Clear Width   Accessible Route to Restaurant
     Accessible Pool                                   Accessible Route to Spa
17   Accessible Public Entrance                        Accessible Van Self-Park
18   Accessible Restaurant                             Service Animals Welcome
     Accessible Route to Accessible Guestrooms         TVs with Closed Captioning
19   Accessible Route to Accessible Parking

20   **Table 2.**

21

22   31. The information disclosed on Hotel's Booking Website include the following
23       misrepresentations of fact:

24       a.  That the Hotel has accessible public entrance.. This representation is false as
25           evidenced in Table 3 below.

26       b.  That the front desk (check in counter) is accessible. This representation is false as
27           evidenced in Table 3 below.

28       c.  That the Hotel is generally accessible. This representation is false as evidenced in
           Table 3 below.

10

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

**PERSONAL BARRIER ECOUNTERS**



Identification.



No access from street.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No passenger loading zone marked.



Inaccessible or misused accessible portion of check in counter.



Detail.



1.  Inaccessible with no signage to accessible.
2.  No handrails.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



Inaccessible snack and sundry items.

15
16
17
18
19
20
21
22
23
24
25
26
27
28



Only one pool lift for 2 bodies of water.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



10 lbs to open.



2.5 s closing time.



Flush control on wrong side.

| |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020. |
| **Table 3.** |

## COUNT ONE
### Americans with Disabilities Act

33. Plaintiff realleges all allegations heretofore made.

34. Defendant Liberty violated the ADA as documented above.

35. Plaintiff   is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

37. The removal of barriers is readily achievable.

1  38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

2  **WHEREFORE,** Plaintiff prays for all relief as follows:

3      A. Relief described in 42 U.S.C. §2000a – 3; and

4      B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

5      C. Injunctive relief order to alter Defendant's place of public accommodation to

6         make it readily accessible to and usable by ALL individuals with disabilities;

7         and

8      D. Requiring the provision of an auxiliary aid or service, modification of a

9         policy, or provision of alternative methods, to the extent required by

       Subchapter III of the ADA; and

10     E. Equitable nominal damages; and

11     F. For costs, expenses and attorney's fees; and

12     G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

13     H. All other relief susceptible of proof based on the allegations.

14 **COUNT TWO**<br>Negligence and Negligence Per Se

15

16 39. Plaintiff realleges all allegations heretofore set forth.

17 40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that

18    Plaintiff as a disabled individual would have full and equal access to the public

19    accommodation.

20 41. The ADA is a civil rights legislative pronouncements while the enforceable

21    implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and

   2010 Standards for Accessibility Design.

22

23 42. Every time that Plaintiff is required to negotiate a non-compliant element in

   Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation

24    is designed to prevent.

25 43. Plaintiff personally experienced the violations of enforceable implementing

26    regulations and personally experienced paid, discomfort and suffering as a result of

27    Defendant's violations of implementing regulations.

28

44. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

46. Defendant breached this duty.

47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### Negligent Misrepresentation

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

53. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

18

54. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

55. Plaintiff justifiably relied on Defendant's false representation.

56. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Failure to Disclose

59. Plaintiff realleges all allegations heretofore set forth.

60. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

61. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

62. The compliance with the ADA is a fact basic to the transaction.

19

63. Defendant failed to make the necessary disclosures.

64. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

65. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

66. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

67. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT FIVE
#### Common Law and Statutory Fraud

68. Plaintiff realleges all allegations heretofore set forth.

69. Defendant made representation(s) as alleged in Table 2 above.

70. The representation(s) were material.

71. The representation(s) were false.

72. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

73. Defendant intended that Plaintiff rely on the false representation(s).

74. Plaintiff reasonably relied on the misrepresentation(s).

75. Plaintiff has a right to rely on the misrepresentation(s).

76. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

77. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

78. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

79. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

80. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

81. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT SIX
Consumer Fraud – Brand Deceit

82. Plaintiff realleges all allegations made above.

83. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Wyndham" in order to hide the true ownership and operational management of the hotel or motel.

84. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant

Liberty identifies itself as La Quinta Inn & Suites by Wyndham at the entrance to the Hotel:



85. Liberty is not La Quinta Inn & Suites by Wyndham. It is Liberty. The misidentification is necessary because general public, including Plaintiff, identify Wyndham properties with a higher degree of lodging standard and general integrity than Liberty

86. Another way Defendant misidentifies itself is thorough its booking website:
https://www.wyndhamhotels.com/locations



87. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



88. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel  room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Liberty 's false self-identification to his damage.

89. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

90. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

91. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT SEVEN**
Civil Conspiracy

92. Plaintiff realleges all allegations heretofore set forth.

93. Wyndham is the owner of the "La Quinta Inn & Suites by Wyndham" brand name.

94. Wyndham and Liberty knew, at all times relevant hereto, that the Wyndham brand has positive reputation, while Liberty has no reputation.

95. Public's perception of Liberty is wholly derivative of the reputation of Wyndham.

96. Wyndham and Liberty also knew, at all relevant times, that Liberty would sell more rooms if it sold the rooms under the name Wyndham and not Liberty.

97. Liberty paid Wyndham for the use of its brand name La Quinta Inn & Suites by Wyndham.

23

98. Wyndham and Liberty structured their relationship so that Plaintiff and the public would believe that Wyndham operates the Hotel, while at the same time they knew that Wyndham was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

99. Wyndham further provided Liberty with a booking platform on Wyndham's website and agreed, expressly or implicitly, that Liberty misrepresent its accessibility features thereon.

100. Wyndham and Liberty also knew that the use of Wyndham's brand name and the misrepresentations on the Wyndham's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

101. It was for these reasons that Wyndham and Liberty agreed that the Hotel would market its rooms under the name of Wyndham.

102. The agreement between Defendants assured that Wyndham would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability Liberty would reap the benefits of greater sales caused by Defendants' brand deceit.

103. Defendants agreed to falsely market the Hotel as a "La Quinta Inn & Suites by Wyndham" in order to misled the public, including Plaintiff.

104. Plaintiff believed he was dealing with Wyndham when in fact he was dealing with an unknown entity.

105. Defendants Wyndham and Liberty agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

106. Defendants Wyndham and Liberty agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

107. Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

24

108.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

109.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendants committed a civil conspiracy; and

    B. For damage as prayed for above; and

    C. For damages in the amount requested; and

    D. For punitive damages in the amount requested; and

    E. For such other and further relief as the Court may deem just and proper.

**COUNT EIGHT**
Civil Aiding and Abetting

110.   Plaintiff realleges all allegations heretofore made.

111.   Defendant Wyndham aided and abetted Defendant Liberty brand deceit by:

    a. Providing the Wyndham signage on the physical Hotel building; and

    b. Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

    c. Issuing reservation confirmations in the name of Wyndham in order to conceal the true ownership and operations; and

    d.  Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

    e. Providing a website platform upon which Defendant Liberty advertised its rooms with false and misleading accessibility disclosures.

112.   Wyndham aided and abetted Liberty in providing Liberty with a website platform in which Liberty committed misrepresentations relating to accessibility.

113.   Plaintiff suffered an injury resulting from Wyndham's aiding and abetting brand deceit in an amount of no less than $35,000.00.

114.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

115.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Wyndham committed civil aiding and abetting; and

B. For damage as prayed for above; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

116.   Plaintiff further alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d. The duration of Defendants' the misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will

1    have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,
2    767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* §
3    3.11(10), at 515-16 (2d ed. 1993))).

4  117.   These factors recommend that only the most severe sanctions against
5    Defendant Hotel will assure compliance with the ADA and integration of
6    disabled individuals.

7                        **REQUEST FOR TRIAL BY JURY**

8    Plaintiff respectfully requests a trial by jury in issues triable by a jury.

9    RESPECTFULLY SUBMITTED this 19ᵗʰ day of October, 2020.

                        **PETER STROJNIK**

                        Peter Strojnik
                        Plaintiff

# EXHIBIT "B"

20120816293643

**COMMISSIONERS**
ROBERT "BOB" BURNS – Chairman
BOYD DUNN
SANDRA D. KENNEDY
JUSTIN OLSON
LEA MÁRQUEZ PETERSON



**MATTHEW NEUBERT**
Executive Director

**TANYA GIBSON**
Director
Corporations Division

### ARIZONA CORPORATION COMMISSION

#### CERTIFICATE OF MAILING

Date: 12/8/2020

The undersigned person certifies the following facts:

On 12/08/2020, DEASHA JACKSON, an employee of the Arizona Corporation Commission ("ACC"), received on behalf of the ACC Service of the following documents upon the ACC as agent for LIBERTY HOSPITALITY GROUP, LLC

**Case caption:** PETER STROJNIK VS. LIBERTY HOSPITALITY GROUP, LLC et al.
**Case Number:** P1300CV202000856
**Court:** YAVAPAI COUNTY, SUPERIOR COURT

☑ **Summons**
☑ **Complaint**
☐ **Subpoena**
☐ **Subpoena Duces Tecum**
☐ **Motion for Summary Judgment**
☐ **Motion for**
☑ **Other CERTIFICATE OF COMPULSORY ARBITRATION**

☐ **Default Judgment**
☐ **Judgment**
☐ **Writ Of Garnishment**

On 12/08/2020, the undersigned person placed a copy of the above listed documents in the United States Mail, postage prepaid, addressed to the entity at its last known place of business address, as follows: 13530 W MEDLOCK DR , LITCHFIELD PARK, AZ 85340

I declare and certify under penalty of perjury that the foregoing is true and correct.,

Printed name: DEASHA JACKSON

Date: 12/8/2020

Signature:

# EXHIBIT "C"

Text Size: A A A

| Case Search | Minute Entry Search | Case Notification | Help |
|---|---|---|---|

Home / Case Search

## Public Access to Court Information

### Case Search





🖨Printer Friendly Version

<< return to search results                                                new case search >>

**Case Information**

| | | | |
|---|---|---|---|
| **Case Number:** | P-1300-CV-202000856 | | |
| **Title:** | PETER STROJNIK vs LIBERTY HO | **Category:** | Civil |
| **Court:** | Yavapai County Superior | **Filing Date:** | 10/19/2020 |
| **Judge:** | | **Disposition Date:** | |

**LIBERTY HOSPITALITY GROUP, LLC**   DEFENDANT  -  D 1

**DAVID ONUSCHAK**   ATTORNEY  -  Y 1

**PETER STROJNIK**   PLAINTIFF  -  P 1

**WYNDHAM HOTELS AND RESORTS, LLC**   DEFENDANT  -  D 2

**Case Activity**

| Date | Description | Party |
|---|---|---|
| 12/17/2020 | SERVICE: AFFIDAVIT | P 1 |
| 12/16/2020 | ANSWER: ANSWER | D 2 |
| 11/25/2020 | ORDER: Extending Time | D 1 |
| 11/23/2020 | ORDER: Order | D 1 |
| 11/18/2020 | STIPULATION: STIPULATION TO EXTEND TIME | D 2 |
| 11/18/2020 | ORDER: PROPOSED ORDER | D 2 |
| 10/30/2020 | SERVICE: Proof of Service | P 1 |
| 10/19/2020 | COMPLAINT: Complaint | P 1 |
| 10/19/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 10/19/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 10/19/2020 | SUMMONS: SUMMONS | P 1 |
| 10/19/2020 | SUMMONS: SUMMONS | P 1 |

### Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you
switch to Compatibility View. How?**
**The following case types are excluded from search results:** sealed cases, cases involving un-served
Orders of Protection, mental health and probate cases, victim and witness data. Juvenile
incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases
in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried
out by superior court clerk's offices in each county are not included in this website, such as passport application
processing and private process server registration. **Charges stemming from local ordinance violations are
not included.**

# EXHIBIT "1"

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

---

1.   **Style of the Case:**
     Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
     Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
     attorney(s) of record for each party named and include their bar number, firm name, correct mailing
     address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| Peter Strojnik<br>7847 N. Central Avenue<br>Phoenix, AZ 85020<br>(602) 524-6602<br>PS@Strojnik.com | Plaintiff | Pro Per |
| Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham | Defendant | Lindsay G. Leavitt, Esq.<br>Jordan T. Leavitt, Esq.<br>Jennings, Strouss & Salmon, PLC<br>One East Washington Street, Ste. 1900<br>Phoenix, AZ 85004-2554<br>lleavitt@jsslaw.com<br>jleavitt@jsslaw.com<br>(602) 262-5911 |
| Wyndham Hotels and Resorts, LLC | Defendant | David C. Onuschak<br>DLA Piper LLP (US)<br>2525 E. Camelback Rd. #1000<br>Phoenix, AZ 85016<br>david.onuschak@us.dlapiper.com |

2.   **Jury Demand:**
     Was a Jury Demand made in another jurisdiction?     Yes  ⬤         No  ◯
     If "Yes," by which party and on what date?
      Plaintiff included a jury demand in the Complaint filed on October 19, 2020

     10/19/2020

3.   **Answer:**
     Was an Answer made in another jurisdiction?     Yes  ⬤         No  ◯
     If "Yes," by which party and on what date?
      Answer filed by Wyndham Hotels and Resorts, LLC on December 16, 2020 in Yavapai County Superior Court.

     12/16/2020

**4.    Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|-------|-------------|-------------------|
| Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham | 12/8/2020 | Service by Corporation Commission |
|  |  |  |
|  |  |  |

**5.    Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|-------|-------------------|
| N/A |  |
|  |  |
|  |  |

**6.    Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|-------|-------------------|
| N/A |  |
|  |  |
|  |  |

**7.    Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|-------|--------|
| Peter Strojnik | 1. Americans with Disabilities Act<br>2. Negligence<br>3. Negligent Misrepresentation |
|  | 4. Failure to Disclose<br>5. Common Law Fraud / Consumer Fraud<br>6. Consumer Fraud / Brand Deceit |
|  | 7. Civil Conspiracy to Commit Fraud<br>8. Aiding and Abetting Fraud |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

# EXHIBIT "2"

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N. Central Avenue
City, State, Zip Code: Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Yavapai

Peter Strojnik
Plaintiff(s),

v.                                                    Case No.    P1300CV202000856

Liberty Hospitality Group, LLC et al
Defendant(s).                                  **SUMMONS**

To:  Liberty Hospitality Group, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 120 S Cortez St Prescott
    AZ 86303 or electronically file your Answer through one of Arizona's approved electronic
    filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Yavapai

SIGNED AND SEALED this date:*October 19, 2020*

*DONNA McQUALITY*
Clerk of Superior Court

By:*KMADDEN*
Deputy Clerk



2

Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Yavapai

Peter Strojnik
Plaintiff(s),
v.                                                    Case No.    P1300CV202000856
Liberty Hospitality Group, LLC et al
Defendant(s).                                 **SUMMONS**

To:  Wyndham Hotels and Resorts, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 120 S Cortez St Prescott
    AZ 86303 or electronically file your Answer through one of Arizona's approved electronic
    filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of <u>Yavapai</u>

SIGNED AND SEALED this date:*October 19, 2020*

*DONNA McQUALITY*
Clerk of Superior Court

By:*KMADDEN*
Deputy Clerk



2

# EXHIBIT "3"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
10/19/2020  9:25AM
BY: KMADDEN
DEPUTY

Case No.: P1300CV202000856
HON. JOHN NAPPER

1  Peter Strojnik,
   7847 N. Central Ave.
2  Phoenix, AZ 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

## YAVAPAI COUNTY SUPERIOR COURT

## STATE OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | Case No: |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| vs. | |
| Liberty Hospitality Group, LLC dba La Quinta Inn & Suites by Wyndham; Wyndham Hotels and Resorts, LLC, | |
| Defendant. | |

I certify that the above cause is not subject to compulsory arbitration pursuant to Rules 72-77 of the Rules of Civil Procedure.

DATED this 19th day of October, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "4"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
10/19/2020  9:25AM
BY: KMADDEN
DEPUTY

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

Case No.: P1300CV202000856
HON. JOHN NAPPER

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

Peter Strojnik,

Plaintiff,

vs.

Liberty Hospitality Group, LLC dba La
Quinta Inn & Suites by Wyndham;
Wyndham Hotels and Resorts, LLC

Defendants.

Case No:

### COMPLAINT

1. **Americans with Disabilities
Act**
2. **Negligence**
3. **Negligent
Misrepresentation**
4. **Failure to Disclose**
5. **Common Law Fraud /
Consumer Fraud**
6. **Consumer Fraud – Brand
Deceit**
7. **Civil Conspiracy to
Commit Fraud**
8. **Aiding and Abetting Fraud**

### JURY TRIAL REQUESTED

### NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination.
   Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full
   and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right
   to equal and full participation in the benefits and services in lodging facilities is
   inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under
   28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements
   pursuant to the ADA Accessibility Guidelines ("ADAAG").

4.  Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5.  The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6.  Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7.  Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8.  Therefore, Plaintiff brings this action against Defendants alleging:

    a.  Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant Liberty Hospitality Group, LLC ("Liberty"); and

    b.  Violations of common law and statutory consumer protection laws against Liberty; and

    c.  Brand deceit for deceptive self-identification against Liberty; and

    d.  Civil Conspiracy against Liberty and Wyndham; and

    e.  Civil Aiding and Abetting against Wyndham related to (i) Liberty's use of Wyndham's website platform to provide incorrect and deceptive accessibility information and (2) for assisting Liberty in its deceptive self-identification.

**PARTIES**

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Liberty owns, operates leases or leases to a lodging business located at 4499 East State Route 69, Prescott, AZ 86301 ("Hotel").

11. Defendant Wyndham is an international lodging and franchising chain and the direct or indirect owner of the brands "La Quinta" and  "La Quinta Inn & Suites by Wyndham".

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel  based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et

4

seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |

| | | | | | |
|---|---|---|---|---|---|
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

///

6

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

    a.  Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

    b.  Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

    c.  Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

    d.  Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

        1.  Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

        2.  Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

    e.  The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

    f.  The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

   (i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

   (ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

   (iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

   (iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

   (v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)   Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)   Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

9

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES |
|---|
| https://www.wyndhamhotels.com/laquinta/prescott-arizona/la-quinta-conference-center-prescott/overview?CID=LC:LQ::GGL:RIO:National:11293&iata=00093796 |

♿ Accessible Amenities

| | |
|---|---|
| Accessible Business Center | Accessible Route to Fitness Center |
| Accessible Car Self-Park | Accessible Route to Front Desk |
| Accessible Fitness Center | Accessible Route to Meeting/Event Space |
| Accessible Front Desk | Accessible Route to Pool |
| Accessible Guest Room Doorways with 32" Clear Width | Accessible Route to Restaurant |
| Accessible Pool | Accessible Route to Spa |
| Accessible Public Entrance | Accessible Van Self-Park |
| Accessible Restaurant | Service Animals Welcome |
| Accessible Route to Accessible Guestrooms | TVs with Closed Captioning |
| Accessible Route to Accessible Parking | |

**Table 2.**

31. The information disclosed on Hotel's Booking Website include the following misrepresentations of fact:

   a. That the Hotel has accessible public entrance.. This representation is false as evidenced in Table 3 below.

   b. That the front desk (check in counter) is accessible. This representation is false as evidenced in Table 3 below.

   c. That the Hotel is generally accessible. This representation is false as evidenced in Table 3 below.

10

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

**PERSONAL BARRIER ECOUNTERS**



Identification.



No access from street.

11

1
2
3
4
5
6
7
8
9
10
11
12
13



No passenger loading zone marked.

14
15
16
17
18
19
20
21
22
23
24
25
26
27



Inaccessible or misused accessible portion of check in counter.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Detail.



1.  Inaccessible with no signage to accessible.
2.  No handrails.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible snack and sundry items.



Only one pool lift for 2 bodies of water.

14

1
2
3
4
5
6
7
8
9
10
11
12
13



10 lbs to open.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



2.5 s closing time.



Flush control on wrong side.

| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. | |
| **The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020. | |
| **Table 3.** | |

## COUNT ONE
### Americans with Disabilities Act

33. Plaintiff realleges all allegations heretofore made.

34. Defendant Liberty violated the ADA as documented above.

35. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

37. The removal of barriers is readily achievable.

16

38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

**COUNT TWO**
Negligence and Negligence Per Se

39. Plaintiff realleges all allegations heretofore set forth.

40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

42. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

43. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

17

44. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

46. Defendant breached this duty.

47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### Negligent Misrepresentation

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

53. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

18

1   54. Defendant's false statement was made in the course of Defendant's business in

2      which Defendant has a pecuniary interest, to wit: renting of rooms.

3   55. Plaintiff justifiably relied on Defendant's false representation.

4   56. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's

5      false information regarding ADA compliance, to wit: he spent time, effort and

6      resources in an amount to be proven at trial, but in no event less than

7      $35,000.00.

8   57. Defendant either intended to cause injury to Plaintiff or defendant consciously

9      pursued a course of conduct knowing that it created a substantial risk of

10     significant harm to Plaintiff.

11   58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven

12     at trial sufficient, however, to deter this Defendant and others similarly situated

13     from pursuing similar acts, but in no event less than $135,000.00.

14   **WHEREFORE,** Plaintiff prays for relief as follows:

15        A. For finding of negligent misrepresentation; and

16        B. For damages in an amount requested; and

17        C. For punitive damages in the amount requested; and

18        D. For such other and further relief as the Court may deem just and proper.

19                  **COUNT FOUR**

20                  Failure to Disclose

21   59. Plaintiff realleges all allegations heretofore set forth.

22   60. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose

23     matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more

24     fully alleged above.

25   61. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew

26     were necessary to be disclosed to prevent Plaintiff to be misled by partial

27     disclosures of ADA compliance as more fully alleged above.

28   62. The compliance with the ADA is a fact basic to the transaction.

1    63.Defendant failed to make the necessary disclosures.

2    64.As a direct consequence of Defendant's failure to disclose, Plaintiff visited the
3        hotel, but is deterred from booking a room because of its non-compliance with
4        the ADA.

5    65.Plaintiff has been damaged by Defendant's non-disclosure in an amount to be
6        proven at trial, but in no event less than $135,000.00.

7    66.Defendant either intended to cause injury to Plaintiff or defendant consciously
8        pursued a course of conduct knowing that it created a substantial risk of
9        significant harm to Plaintiff.

10   67.Defendant is liable to Plaintiff for punitive damages in an amount to be proven
11       at trial sufficient, however, to deter this Defendant and others similarly situated
12       from pursuing similar acts but in no event less than $135,000.00

13   **WHEREFORE,** Plaintiff prays for relief as follows:

14           A. For finding of that Defendant failed to disclose information; and

15           B. For damages in the amount requested; and

16           C. For punitive damages in the amount requested; and

17           D. For such other and further relief as the Court may deem just and proper.

18                                    **COUNT FIVE**
19                          Common Law and Statutory Fraud

20   68.Plaintiff realleges all allegations heretofore set forth.

21   69.Defendant made representation(s) as alleged in Table 2 above.

22   70.The representation(s) were material.

23   71.The representation(s) were false.

24   72.Defendant knew that the representation(s) were false or was ignorant to the truth
25       or falsity thereof.

26   73.Defendant intended that Plaintiff rely on the false representation(s).

27   74.Plaintiff reasonably relied on the misrepresentation(s).

28   75.Plaintiff has a right to rely on the misrepresentation(s).

76. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

77. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

78. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

79. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

80. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

81. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT SIX
Consumer Fraud – Brand Deceit

82. Plaintiff realleges all allegations made above.

83. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Wyndham" in order to hide the true ownership and operational management of the hotel or motel.

84. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant

Liberty identifies itself as La Quinta Inn & Suites by Wyndham at the entrance to the Hotel:



85. Liberty is not La Quinta Inn & Suites by Wyndham. It is Liberty. The misidentification is necessary because general public, including Plaintiff, identify Wyndham properties with a higher degree of lodging standard and general integrity than Liberty

86. Another way Defendant misidentifies itself is thorough its booking website:

https://www.wyndhamhotels.com/locations



87. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



22

88. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Liberty 's false self-identification to his damage.

89. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

90. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

91. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT SEVEN
Civil Conspiracy

92. Plaintiff realleges all allegations heretofore set forth.

93. Wyndham is the owner of the "La Quinta Inn & Suites by Wyndham" brand name.

94. Wyndham and Liberty knew, at all times relevant hereto, that the Wyndham brand has positive reputation, while Liberty has no reputation.

95. Public's perception of Liberty is wholly derivative of the reputation of Wyndham.

96. Wyndham and Liberty also knew, at all relevant times, that Liberty would sell more rooms if it sold the rooms under the name Wyndham and not Liberty.

97. Liberty paid Wyndham for the use of its brand name La Quinta Inn & Suites by Wyndham.

23

98. Wyndham and Liberty structured their relationship so that Plaintiff and the public would believe that Wyndham operates the Hotel, while at the same time they knew that Wyndham was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

99. Wyndham further provided Liberty with a booking platform on Wyndham's website and agreed, expressly or implicitly, that Liberty misrepresent its accessibility features thereon.

100.   Wyndham and Liberty also knew that the use of Wyndham's brand name and the misrepresentations on the Wyndham's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

101.   It was for these reasons that Wyndham and Liberty agreed that the Hotel would market its rooms under the name of Wyndham.

102.   The agreement between Defendants assured that Wyndham would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability Liberty would reap the benefits of greater sales caused by Defendants' brand deceit.

103.   Defendants agreed to falsely market the Hotel as a "La Quinta Inn & Suites by Wyndham" in order to misled the public, including Plaintiff.

104.   Plaintiff believed he was dealing with Wyndham when in fact he was dealing with an unknown entity.

105.   Defendants Wyndham and Liberty agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

106.   Defendants Wyndham and Liberty agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

107.   Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

24

108. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

109. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendants committed a civil conspiracy; and

    B. For damage as prayed for above; and

    C. For damages in the amount requested; and

    D. For punitive damages in the amount requested; and

    E. For such other and further relief as the Court may deem just and proper.

**COUNT EIGHT**
Civil Aiding and Abetting

110. Plaintiff realleges all allegations heretofore made.

111. Defendant Wyndham aided and abetted Defendant Liberty brand deceit by:

  a. Providing the Wyndham signage on the physical Hotel building; and

  b. Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

  c. Issuing reservation confirmations in the name of Wyndham in order to conceal the true ownership and operations; and

  d. Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

  e. Providing a website platform upon which Defendant Liberty advertised its rooms with false and misleading accessibility disclosures.

112. Wyndham aided and abetted Liberty in providing Liberty with a website platform in which Liberty committed misrepresentations relating to accessibility.

113. Plaintiff suffered an injury resulting from Wyndham's aiding and abetting brand deceit in an amount of no less than $35,000.00.

114. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

115. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Wyndham committed civil aiding and abetting; and

B. For damage as prayed for above; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

116. Plaintiff further alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d. The duration of Defendants' the misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will

26

1     have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,

2     767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* §

3     3.11(10), at 515-16 (2d ed. 1993))).

4  117.   These factors recommend that only the most severe sanctions against

5     Defendant Hotel will assure compliance with the ADA and integration of

6     disabled individuals.

7                 **REQUEST FOR TRIAL BY JURY**

8     Plaintiff respectfully requests a trial by jury in issues triable by a jury.

9     RESPECTFULLY SUBMITTED this 19th day of October, 2020.

10

11                **PETER STROJNIK**

12

13                Peter Strojnik
                Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "5"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
10/30/2020 8:34AM
BY: MMONTIEL
DEPUTY

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI

**PETER STROJNIK,**

Plaintiff,

Case Number: P1300CV202000856

vs.

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

**LIBERTY HOSPITALITY GROUP, LLC,**

Defendant.

Received by Rush Hour Legal Service to be served on **WYNDHAM HOTELS AND RESORTS, LLC.**

I, Russell D. Hoffman, do hereby affirm that on the **28th day of October, 2020** at **2:25 pm, I:**

served **WYNDHAM HOTELS AND RESORTS, LLC** by delivering a true copy of the **Summons;
Complaint; Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon
by me, to: **CORPORATE CREATIONS NETWORK IN MEA ROLAND (Accounting Statutory Agent)** at
the address of: **3260 N. Haydne Rd. #210, Scottsdale, AZ 85251**, and informed said person of the
contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair:
Black, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so
appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true
and correct and was executed on the above date.

Russell D. Hoffman
Process Server MC-7486

**Rush Hour Legal Service**
**P.O. Box 30997**
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020002066
Service Fee: $75.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



# EXHIBIT "6"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/18/2020  1:31PM
BY: AKNICKERBOCKER
DEPUTY

1  David C. Onuschak (Bar No. AZ-033405)
2  david.onuschak@dlapiper.com
   DLA PIPER LLP (US)
3  2525 East Camelback Road, Suite 1000
   Phoenix, Arizona 85016-4232
4  Tel: 480.606.5100
   Fax: 480.606.5101
5  DLAPHX@dlapiper.com
6
   *Attorneys for Defendant*
7  *Wyndham Hotels & Resorts, Inc.*
8
9              **IN THE SUPERIOR COURT OF ARIZONA**
10             **IN AND FOR THE COUNTY OF YAVAPAI**
11
12  Peter Strojnik,                          )    CASE NO.: P1300CV202000856
                                             )
13                      Plaintiff,           )    **STIPULATION FOR FIRST**
                                             )    **EXTENSION OF TIME**
14          v.                               )
                                             )    Assigned to Judge John Napper
15  Liberty Hospitality Group, LLC dba La Quinta )
    Inn & Suite by Wyndham; Wyndham Hotels and )
16  Resorts, LLC,                            )
                                             )
17                      Defendants.          )
                                             )
18
19          The parties, through their respective counsel, hereby stipulate, pursuant to A.R.C. P. §
20  7.1(g), to extend the time for Defendant Wyndham Hotels & Resorts, Inc. (erroneously named as
21  "Wyndham Hotels and Resorts, LLC") to respond to Plaintiff Peter Strojnik's ("Strojnik")
22  Complaint to November 30, 2020.
23          This is a first request for an extension of time. A proposed form of Order consistent with
24  the relief requested is submitted in conjunction herewith.
25  ///
26  ///
27  ///
28  ///

1 | Dated: November 18, 2020

2

DLA PIPER LLP (US)

3

By: /s/  David C. Onuschak

4
David C. Onuschak
David.onuschak@dlapiper.com

5
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016-4232

6
Telephone:      480.606.5100

7
Facsimile:      480.606.5101

8
*Attorneys for Defendant Wyndham Hotels &*
*Resorts, Inc.*

9

10

11

12

By: /s/ Peter Strojnik (w/permission)
Peter Strojnik

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on November 18, 2020, a true and correct copy of the foregoing

3   document was filed electronically with the Court.  Notice of this filing will be sent by operation

4   of the Court's electronic filing system to all parties indicated on the electronic filing

5   receipt.  Parties may access this filing through the Court's system.  A copy of the same will be

6   served by email on:

7       Peter Strojnik
    7847 North Central Avenue
8       Phoenix, AZ  85020
    Tel: (602) 524-6602
9       Email: ps@strojnik.com

10

11

12             /s/ Pat Kelly

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "7"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/23/2020  6:49PM
BY: KAKENDRICK
DEPUTY

# SUPERIOR COURT, STATE OF ARIZONA

# IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik, | **Case No.** P1300CV202000856 |
| Plaintiff, | |
| vs. | **ORDER RE: YEADR** |
| Liberty Hospitality Group, LLC dba La Quinta Inn & Suite by Wyndham; Wyndham Hotels and Resorts, LLC, | |
| Defendants. | |

| | |
|---|---|
| **HONORABLE JOHN NAPPER** | **BY:**  Felicia L. Slaton, Judicial Assistant |
| **DIVISION 2** | **DATE:** November 23, 2020 |

Pursuant to Arizona Supreme Court Administrative Order 2020-157 and Yavapai County Superior Court Order 2020-19, the Court enters the following order:

The parties shall file a joint report containing the following information:

1) the case's tier;
2) whether a jury trial has been requested and not waived by the parties;
3) the deadlines for completing discovery and for filing dispositive motions have passed or all dispositive motions have been ruled upon;
4) the length of time needed for the YEADR trial; and
5) when the parties believe they can be prepared for the YEADR trial.

The Court further orders this joint report shall be filed no later than 20 days after the expiration of the deadlines for discovery and dispositive motions has expired or have been ruled upon.

cc:  Peter Strojnik-7847 North Central Avenue, Phoenix, AZ  85020
David C. Onuschak-DLA Piper LLP (US), 2525 East Camelback Rd., Ste. 1000, Phoenix, AZ  85016-4232

# EXHIBIT "8"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/25/2020 11:33AM
BY: KAKENDRICK
DEPUTY

1  David C. Onuschak (Bar No. AZ-033405)
2  david.onuschak@dlapiper.com
   DLA PIPER LLP (US)
3  2525 East Camelback Road, Suite 1000
   Phoenix, Arizona 85016-4232
4  Tel: 480.606.5100
   Fax: 480.606.5101
5  DLAPHX@dlapiper.com
6
   *Attorneys for Defendant*
7  *Wyndham Hotels & Resorts, Inc.*
8
                    **IN THE SUPERIOR COURT OF ARIZONA**
9
                    **IN AND FOR THE COUNTY OF YAVAPAI**
10
   Peter Strojnik,                      )    CASE NO.: P1300CV202000856
11                                       )
                          Plaintiff,     )
12                                       )    **ORDER GRANTING**
           v.                            )    **STIPULATION FOR FIRST**
13                                       )    **EXTENSION OF TIME**
   Liberty Hospitality Group, LLC dba La Quinta )
14 Inn & Suite by Wyndham; Wyndham Hotels and )  Assigned to Judge John Napper
   Resorts, LLC,                         )
15                                       )
                          Defendants.    )
16
17         Having reviewed the parties Stipulation for First Extension of Time and good cause
18 appearing,
19         IT IS ORDERED that Defendant Wyndham Hotels & Resorts, Inc. (erroneously named
20 as "Wyndham Hotels and Resorts, LLC") is permitted until November 30, 2020 to respond to
21 Plaintiff Peter Strojnik's Complaint.
22 Dated:

                                        eSigned by Napper,John  11/25/2020 11:33:13 Elk4ANf9
23                                       _____
                                        The Honorable John Napper
24
25 cc: Peter Strojnik-7847 North Central Avenue, Phoenix, AZ  85020
       David C. Onuschak-DLA Piper LLP (US), 2525 East Camelback Rd., Ste. 1000,
26         Phoenix, AZ  85016-4232
27
28

# EXHIBIT "9"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
12/16/2020  5:08PM
BY: KMADDEN
DEPUTY

1   David C. Onuschak (Bar No. AZ-033405)
    david.onuschak@dlapiper.com
2   DLA PIPER LLP (US)
3   2525 East Camelback Road, Suite 1000
    Phoenix, Arizona 85016-4232
4   Tel: 480.606.5100
5   Fax: 480.606.5101
    DLAPHX@dlapiper.com
6
7   *Attorneys for Defendant*
    *Wyndham Hotels and Resorts, LLC*
8

9                    **IN THE SUPERIOR COURT OF ARIZONA**
10                   **IN AND FOR THE COUNTY OF YAVAPAI**
11

12  Peter Strojnik,                            No.  P1300CV202000856
13
           Plaintiff,
14                                             **DEFENDANT WYNDHAM**
                                               **HOTELS AND RESORTS, LLC'S**
15  vs.                                        **ANSWER TO COMPLAINT**

16  Liberty Hospitality Group, LLC dba La      Assigned to Judge John Napper
17  Quinta Inn & Suite by Wyndham;
    Wyndham Hotels and Resorts, LLC,
18
19         Defendants.

20         Defendant Wyndham Hotels and Resorts, LLC ("Defendant") admits, denies, states,

21  and alleges as follows:

22         1.     Paragraph 1 states an introductory narrative that does not relate to Defendant,

23  and therefore no response is required.  To the extent a response is required, Defendant lacks

24  sufficient knowledge or information to form a belief as to the truth of the allegations

25  regarding disability discrimination in the hospitality industry.

26         2.     Paragraph 2 states an introductory narrative that does not relate to Defendant,

27  and therefore no response is required. Additionally, the allegations in Paragraph 2 contain

28  legal conclusions to which no response is required. To the extent a response is required,

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that there are certain requirements for places of lodging under 28 CFR § 36.302 and the ADA Standards for Accessible Design.

4. Paragraph 4 states an introductory narrative that does not relate to Defendant, and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 states an introductory narrative that does not relate to Defendant, and therefore no response is required. Additionally, Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 states an introductory narrative that does not relate to Defendant, and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 7 do not relate to Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

8. In response to Paragraph 8 of the Complaint, Defendant denies that it is liable under any of Plaintiff's claims. To the extent that Paragraph 8 asserts claims solely against Defendant Liberty Hospitality Group, LLC dba La Quinta Inn & Suite by Wyndham ("Liberty"), Defendant asserts those portions do not require a response from Defendant, but to the extent a response is necessary, the allegations are denied pending further investigation and discovery.

**PARTIES**

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to

form a belief as to the truth of the allegations.

10.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

### JURISDICTION AND VENUE

12.    Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest venue in this Court.

13.    Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction in this Court.

14.    The allegations in Paragraph 14 do not relate to Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    The allegations in Paragraph 15 do not relate to Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    The allegations in Paragraph 16 do not relate to Defendant and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether Plaintiff intends to return to the hotel. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.    The allegations in Paragraph 17 do not relate to Defendant and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether Plaintiff intends to return to the hotel. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

18.     The allegations in Paragraph 18 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient

4

knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 do not relate to Defendant and thus no response is required.   Additionally, Paragraph 27 contains legal conclusions to which no response is required.

### PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

28.     Paragraph 28 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 28 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28(a)-(x) of the Complaint.

29.     The allegations in Paragraph 29 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 do not relate to Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     The allegations in Paragraph 31 do not relate to Defendant and thus no

response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.    The allegations in Paragraph 32 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

## COUNT ONE

### Americans with Disabilities Act

33.    The allegations in Paragraph 33 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant incorporates Paragraphs 1 through 32 as though fully set forth herein.

34.    The allegations in Paragraph 34 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.    The allegations in Paragraph 35 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.    The allegations in Paragraph 36 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.    The allegations in Paragraph 37 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

## COUNT TWO

Negligence and Negligence Per Se

39.     The allegations in Paragraph 39 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant incorporates Paragraphs 1 through 38 as though fully set forth herein.

40.     The allegations in Paragraph 40 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 do not relate to Defendant and thus no response is required.   Additionally, Paragraph 41 contains legal conclusions to which no response is required.

42.     The allegations in Paragraph 42 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     The allegations in Paragraph 43 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

## COUNT THREE

### Negligent Misrepresentation

51.     The allegations in Paragraph 51 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant incorporates

Paragraphs 1 through 50 as though fully set forth herein.

52.     The allegations in Paragraph 52 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53.     The allegations in Paragraph 53 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.     The allegations in Paragraph 54 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     The allegations in Paragraph 55 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.     The allegations in Paragraph 56 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58

of the Complaint.

## COUNT FOUR

### Failure to Disclose

59.     The allegations in Paragraph 59 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant incorporates Paragraphs 1 through 58 as though fully set forth herein.

60.     The allegations in Paragraph 60 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.     The allegations in Paragraph 61 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.     The allegations in Paragraph 64 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.     The allegations in Paragraph 67 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

## COUNT FIVE

### Common Law and Statutory Fraud

68.     The allegations in Paragraph 68 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant incorporates Paragraphs 1 through 67 as though fully set forth herein.

69.     The allegations in Paragraph 69 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71.     The allegations in Paragraph 71 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72.     The allegations in Paragraph 72 do not relate to Defendant and thus no

response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.    The allegations in Paragraph 73 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.    The allegations in Paragraph 74 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75.    The allegations in Paragraph 75 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.    The allegations in Paragraph 76 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.    The allegations in Paragraph 77 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.    The allegations in Paragraph 78 do not relate to Defendant and thus no response is required.   Additionally, the allegations contain legal conclusions to which no response is required.

79.    The allegations in Paragraph 79 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.    The allegations in Paragraph 80 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.    The allegations in Paragraph 81 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

**COUNT SIX**

Consumer Fraud – Brand Deceit

82.    The allegations in Paragraph 82 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant incorporates Paragraphs 1 through 81 as though fully set forth herein.

83.    The allegations in Paragraph 83 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84.    The allegations in Paragraph 84 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85.    The allegations in Paragraph 85 do not relate to Defendant and thus no response is required.   To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86.    The allegations in Paragraph 86 do not relate to Defendant and thus no

13

response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 do not relate to Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

88. The allegations in Paragraph 88 do not relate to Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

89. The allegations in Paragraph 89 do not relate to Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

90. The allegations in Paragraph 90 do not relate to Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint.

91. The allegations in Paragraph 91 do not relate to Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

**COUNT NINE**

Civil Conspiracy

92. Defendant incorporates Paragraphs 1 through 91 as though fully set forth herein.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

14

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint as they pertain to Defendant.   As to all remaining allegations in this Paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint as they pertain to Defendant.   As to all remaining allegations in this Paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

## COUNT EIGHT

### Civil Aiding and Abetting

110.    Defendant incorporates Paragraphs 1 through 109 as though fully set forth herein.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint and its subparts.

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.    To the extent the allegations in Paragraph 116 relate to Defendant, Defendant denies the allegations contained in Paragraph 116 of the Complaint and its subparts.

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered damages.

16

3.      Plaintiff's purported damages, if any, were the result of his own negligence, carelessness, inattention, assumption of risk or otherwise wrongful act, and an intervening and superseding cause.

4.      The acts alleged to have been committed by Defendant were not the cause in fact, proximate cause, or legal cause of any damages alleged by Plaintiff.

5.      Defendant is not legally responsible for the purported acts or omissions of Liberty.

6.      Plaintiff's claims are barred, in whole or in part, by fraud, misrepresentation, failure to mitigate, and unclean hands.

7.      Plaintiff's claims are moot.

8.      Defendant owes no common law or statutory duty to Plaintiff.

9.      Defendant reserves the right to the right to amend this Answer at a later time constituting an avoidance or affirmative defenses, including without limitation those matters set forth in Federal Rule of Civil Procedure Rules 8(c) and 12(b).

10.      Plaintiff's Complaint may be subject to other affirmative defenses pursuant to statutory, regulatory or case law applicable to the claims.

11.      Defendant affirmatively alleges that it is entitled to an award of its reasonable attorneys' fees and costs because this lawsuit is frivolous, unreasonable, or without foundation.

### REQUESTED RELIEF

**WHEREFORE**, in connection with Plaintiff's Complaint, Defendant requests a judgment against Plaintiff as follows:

A.      For a judgment dismissing with prejudice the Complaint alleged by Plaintiff;

B.      For a judgment that includes Defendant's costs and reasonable attorneys' fees pursuant to Arizona and federal statutes;

C.      For a judgment that includes such other further relief as the Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED this 16th day of December, 2020.

**DLA PIPER LLP (US)**

By: /s/  David C. Onuschak

David C. Onuschak
David.onuschak@dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016-4232
Telephone:    480.606.5100
Facsimile:     480.606.5101

*Attorneys for Defendant Wyndham Hotels and Resorts, LLC*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on December 16, 2020, a true and correct copy of the foregoing

3

document was filed electronically with the Court.  Notice of this filing will be sent by

4

operation of the Court's electronic filing system to all parties indicated on the electronic

5

filing receipt.  Parties may access this filing through the Court's system.  A copy of the

6

same will be served by email on:

7

8      Peter Strojnik
       7847 North Central Avenue
9      Phoenix, AZ  85020
       Tel: (602) 524-6602
10     Email: ps@strojnik.com

11

12

13                                                      /s/ Pat Kelly

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "10"

Case 3:21-cv-08000-DJH   Document 1-3   Filed 01/05/21   Page 102 of 108

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
12/17/2020 11:34AM
BY: KMADDEN
DEPUTY

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI

**PETER STROJNIK,**

Plaintiff,

Case Number: P1300CV202000856

vs.

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

**LIBERTY HOSPITALITY GROUP, LLC,**

Defendant.

Received by Rush Hour Legal Service to be served on **LIBERTY HOSPITALITY GROUP, LLC.**

I, Kay Dean, do hereby affirm that on the **8th day of December, 2020** at **12:40 pm, I:**

served **LIBERTY HOSPITALITY GROUP, LLC** by delivering a true copy of the **Summons; Complaint;
Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to:
**ARIZONA CORPORATION COMMISSION Michael Oluyi (Agent) (Statutory Agent)** at the address of:
**1300 W. Washington St., Phoenix, AZ 85007**, and informed said person of the contents therein, in
compliance with state statutes.

**Additional Information pertaining to this Service:**
After several attempts on Inderjit Bhatti (statutory agent), his wife answered and his son another time. They
could not accept. I left my phone number and he never called me back. He is avoiding service. We served
the ACC on the company because he is avoiding.

**Description** of Person Served: Age: 55, Sex: M, Race/Skin Color: Black, Height: 5'7", Weight: 200, Hair:
Bald, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so
appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true
and correct and was executed on the above date.

Kay Dean
MC-8915

**Rush Hour Legal Service**
**P.O. Box 30997**
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020002076
Service Fee: $171.50

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



# EXHIBIT "D"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>         Plaintiff,<br><br>vs.<br><br>Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham; Wyndham Hotels and Resorts, LLC,<br><br>         Defendant. | No.<br><br>**VERIFICATION OF STATE COURT RECORD** |

State of Arizona    )
                  ) ss
County of Maricopa  )

## VERIFICATION OF LINDSAY G. LEAVITT

1.    Lindsay G. Leavitt, having been duly sworn upon my oath, declare and state, under penalty of perjury, as follows:

2.    I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC, and represent Defendant Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham.

3.    On October 19, 2020, Plaintiff Peter Strojnik filed the above-captioned case in the Yavapai County Superior Court of the State of Arizona, Case No. 1300CV202000856. ("State Court Action").

4.    True and correct copies of all pleadings and other documents filed in

7443158v1(69964.1)

the State Court Action are attached to the Notice of Removal as Exhibit C [1-10].

     5.     A true and correct copy of the Notice of Removal has been sent to the clerk of the court in the State Court Action, and written notice has been sent to the Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

     I verify under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of December, 2020.

_____
Lindsay G. Leavitt

**SUBSCRIBED and SWORN to before me this 30th day of December, 2020.**

_____
Notary Public

My Commission Expires:

Sept. 16, 2024

BONNIE M. SIMPSON
Notary Public - Arizona
MARICOPA COUNTY
Commission # 588381
Expires Sept. 16, 2024

2

7443158v1(69964.1)

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik,<br><br>                    Plaintiff,<br><br>vs.<br><br>Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham; Wyndham Hotels and Resorts, LLC _,<br><br>                    Defendant. | No.:  P1300CV202000856<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on January 5, 2021, Defendant Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham e-filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.  A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

RESPECTFULLY SUBMITTED this 5th day of January, 2021.

JENNINGS, STROUSS & SALMON, P.L.C.

By  */s/  Lindsay G. Leavitt*
Lindsay G. Leavitt
Jordan T. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendant*

7457224v1(69964.1)

1 | Original of the foregoing E-Filed with the
2 | Clerk of the Court and a Copy of the
  | foregoing sent via Electronic mail on this
3 | 5th day of January, 2021, to:

4 | Peter Strojnik
  | 7847 N. Central Avenue
5 | Phoenix, AZ 85020
6 | ps@strojnik.com
  | *Pro Per*

7 |

8 | David C. Onuschak
  | DLA Piper LLP (US)
9 | 2525 E. Camelback Rd. #1000
  | Phoenix, AZ 85106
10 | david.onuschak@us.dlapiper.com
  | *Attorneys for Wyndham Hotels and Resorts, LLC*

11 |

12 | */s/ Tana Davis-Digeno*

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2