Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Peter Strojnik, | No. 3:21-cv-08000-PCT-DJH |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION THAT DEFENDANT PROVE REMOVAL JURISDICTION AND ALL WRITS ACT MOTION FOR WRIT OF PROHIBITION [Doc. 12]** |
| vs. | |
| Liberty Hospitality Group, LLC d/b/a La Quinta Inn & Suites by Wyndham; Wyndham Hotels and Resorts, LLC; | |
| Defendants. | |

## I. INTRODUCTION

Mr. Strojnik's Motion is a waste of the Court's time and resources. He argues that removing his ADA claim to federal court was "baseless" but still maintains that he has Article III standing to litigate his ADA claim in federal court. Mr. Strojnik filed this exact Motion in every federal case he is litigating with undersigned counsel. After reviewing this same Motion in a case before him, Judge Dominic Lanza found the "inescapable implication" was that Strojnik "believes subject matter jurisdiction exists but just wants to make his opponent go through the motions of proving it, this would be a frivolous waste of the Court's time and a harassing litigation tactic." **Exhibit A**.

It's tactics like these that got Mr. Strojnik declared a "vexatious litigant" in the U.S. District Court of Arizona. In her January 6, 2021, order declaring Mr. Strojnik a

1 vexatious litigant, Judge Humetewa found that the defendants had "properly" removed their cases to federal court. She also held that Mr. Strojnik is the "master of his claims" and that if he did not want his cases removed to federal court, he should not file federal claims. **Exhibit B**.

If Mr. Strojnik is asserting that he does not have Article III standing, he should advise the Court. If he is alleging there was some defect in the removal process, his deadline to object has long passed. 28 U.S.C. § 1447(c). For these reasons, the Court should reject the premise of Mr. Strojnik's Motion and deny the relief he requests.

## II. FACTUAL BACKGROUND

Undersigned counsel is currently representing more than a dozen defendants in ADA lawsuits filed by Mr. Strojnik. The vast majority of the defendants, like Liberty Hospitality, LLC, removed their cases to federal court pursuant to 28 U.S.C. § 1331 because Mr. Strojnik's ADA claim arises under federal law. Mr. Strojnik had thirty (30) days to object to the removal but declined to do so. See 28 U.S.C. § 1447(c).

On February 1st and 2nd, Mr. Strojnik filed identical Motions in all of his ADA cases defended by undersigned counsel. On February 4, 2021, Judge Dominic Lanza interpreted Mr. Strojnik's Motion to mean that Mr. Strojnik "acknowledged that this Court lacks subject matter jurisdiction over this action due to Strojnik's lack of standing." See **Exhibit C**, p. 2:1-17. Judge Lanza then ordered the defendant to either (1) remand the action, or (2) file a motion to dismiss on grounds that remand would be absolutely futile. **Exhibit C**, p. 4:3-8.

Mr. Strojnik then filed a Notice of Correction alleging that he believes, in fact, that he *does* have Article III standing.

> To the extent that Plaintiff's submissions can be understood as Plaintiff's position that the District Court lacks jurisdiction, the understanding is inaccurate. Plaintiff in fact asserts that the District Court *does* have jurisdiction; Plaintiff's submission merely requests that the Defendant prove it as required by *Abrego Abrego v. The Dow Chem Co.,* 443 F.3d 676, 682 (9th Cir. 2006) in light of Defendant's claim of lack of jurisdiction in its Answer.

2

**Exhibit D**.

On February 5, 2021, Judge Dominic Lanza issued an Order denouncing Mr. Strojnik's tactics:

> [T]he Court is compelled to note that Strojnik filed a motion on February 1, 2021, in which he accused opposing counsel of improperly removing this (and other) cases "from State Court to federal court when federal court does not have jurisdiction" and demanding that opposing counsel "offer proof of jurisdiction before the District Court wastes any more time on this case." The inescapable implication of such statements is that Strojnik believes subject matter jurisdiction exists but just wants to make his opponent go through the motions of proving it, this would be a frivolous waste of the Court's time and a harassing litigation tactic.

**Exhibit A.**

Mr. Strojnik argues that it was improper to remove his federal ADA claims to federal court and have him declared a vexatious litigant in federal court.[1]  Judge Humetewa rejected his argument.

> Mr. Strojnik argues that this Court has no power to issue a vexatious litigant order because he originally filed these cases in state court. He cites no supporting authority for this argument. To the contrary, the case law makes no distinction. This Court's inherent power to curb abuse is not bound simply because an abusive litigant brought a federal claim in state court first. If it were otherwise, the power would be worthless; all vexatious litigants would just filed their federal claims in state court.
>
> In addition, Mr. Strojnik is the master of all his claims, and if he wanted to avoid federal jurisdiction then he could have crafted a complaint that exclusively relies on state law. But he has not. Mr. Strojnik has brought a federal claim that was properly removed to this Court. Defendants then moved to declare him a vexatious litigant. Those Motions are properly before the Court.

**Exhibit B, p. 12:3 – 18.**

**III.    LEGAL ARGUMENT**

---

[1] Mr. Strojnik has also filed an "Abuse of Process" lawsuit in Maricopa County Superior Court against undersigned counsel and Jennings Strouss, & Salmon PLC.

**A.     Mr. Strojnik waived his right to contest removal.**

Mr. Strojnik erroneously cites to <u>Abrego Abrego v. The Dow Chemical Co.,</u> 443 F.3d 676 (9th Cir. 2006) to support his arguments. <u>Abrego</u> dealt with the issue of removal in the context of the newly enacted Class Action Fairness Act (CAFA).  Under CAFA, a class action or mass action can be removed to federal court if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) the action satisfies diversity requirements between plaintiff and defendants.  <u>Id</u>. at 678.  In <u>Abrego</u>, the district court ordered the defendant to show cause as to whether the case met CAFA's two removal requirements. <u>Id</u>. at 678-79.  The court held that "the removing defendant has always borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." <u>Id</u>. at 682-83.  This burden, however, must be met at the time of removal.

In its Notice of Removal [Doc. 1], Defendant noted that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.  Mr. Strojnik has asserted claims against Defendant for alleged ADA violations that exist because of, and therefore arise under, the laws of the United States.  See 42 U.S.C. § 12101, *et seq*."  Accordingly, the Court accepted the removal and Mr. Strojnik did not object.  If Mr. Strojnik believed that removal was improper, he should have objected within thirty (30) days of removal pursuant to 28 U.S.C. § 1447(c).  He did not.  If he currently believes that he does not have Article III standing to pursue his ADA claim in federal court, he should advise the Court.  He has not done that either.  Thus, as Judge Lanza noted, it appears Mr. Strojnik's Motion is a "frivolous waste of the Court's time and a harassing litigation tactic." **Exhibit A**.

Judge Humetewa held that—even though she found Mr. Strojnik ultimately did not have Article III standing—the hotel defendants had "properly" removed their ADA claims to federal court. **Exhibit B**. This Court should reach the same conclusion.

**B.     Mr. Strojnik incorrectly and inappropriately attacks Defendants' counsel.**

4

1  Mr. Strojnik, currently a vexatious litigant in three different federal districts, spends a large portion of his Motion personally attacking Defendant's counsel. Rather than participate in similar tactics, undersigned counsel will instead simply correct the record. Yes, undersigned counsel has removed nearly all of Mr. Strojnik's cases to federal court because Mr. Strojnik's ADA claim raises a federal question. Undersigned counsel has not, however, filed one motion to dismiss for lack of subject matter jurisdiction. To date, the only motion undersigned counsel has filed was a Motion for Summary Judgment. That Motion was granted by Judge Humetewa and all of Mr. Strojnik's claims were dismissed with prejudice. See **Exhibit B**.

Here, Defendant does not believe that Mr. Strojnik is disabled. Mr. Strojnik has admitted under oath that he does not use a wheelchair or an ambulatory device at home or when he "inspects" the hotel properties. For that reason, Defendant asserted as an Affirmative Defense that Mr. Strojnik does not have Article III standing to pursue his ADA claim. If Defendant is incorrect and Mr. Strojnik is ultimately found to have Article III standing, then Defendant would prefer to litigate in federal court, rather than state court. There is nothing "manipulative", "fraudulent" or "self-sabotaging" about how Defendant, or its counsel, have proceeded in this case.

## IV.   CONCLUSION

For the above stated reasons the Court should reject Mr. Strojnik's motion and deny the relief he requests.

RESPECTFULLY SUBMITTED this 23rd day of February, 2021.

                JENNINGS, STROUSS & SALMON, P.L.C.

                By *s/ Lindsay G. Leavitt*
                   Lindsay G. Leavitt
                   Jordan T. Leavitt
                   One East Washington Street, Suite 1900
                   Phoenix, Arizona 85004-2554
                   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on February 23, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Plaintiff Pro Per*

David C. Onuschak
DLA Piper LLP (US)
2525 E. Camelback Rd. #1000
Phoenix, AZ 85106
david.onuschak@us.dlapiper.com
*Attorneys for Wyndham Hotels and Resorts, LLC*

☐ I hereby certify that on February 23, 2021, I served the attached document by Electronic mail on the following, who are not registered participants of the CM/ECF System:

                                                s/ Tana Davis-Digeno

7509665v1(69964.1)