**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-21-08000-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Hospitality Group LLC, et al., | |
| Defendants. | |

This matter arises from the Court's Order to Show Cause (Doc. 28), which ordered *pro se* Plaintiff to show cause why his Complaint should not be dismissed for failure to allege an injury in fact. Plaintiff has filed a Response (Doc. 29).

**I.   Background**

Plaintiff Peter Strojnik has been previously declared a vexatious litigant, and his "history and his *modus operandi* are well known." *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *8 (D. Ariz. Jan. 6, 2021), *order amended on reconsideration*, No. 2021 WL 2454049 (D. Ariz. June 16, 2021) ("Vexatious Litigant Order"). This case follows the same pattern of his many other cookie-cutter lawsuits against hotel defendants for claims arising under the Americans with Disabilities Act ("ADA"). *See id.*

Here, Plaintiff alleges he visited a "La Quinta" hotel in Prescott, Arizona (the "Hotel"). (Doc. 1-3 at 12). The Complaint contains his photographs of the Hotel's features and alleges that they caused him injury by denying "full and equal" access to the premises in violation of the ADA. (*Id.*) In addition to the ADA claim, Plaintiff brings claims for

negligently constructing the Hotel to cause ADA violations, negligently misrepresenting that the Hotel was ADA compliant , and failing to disclose that the Hotel was not ADA complaint.  (*Id.* at 18–21).  Plaintiff also claims Defendants fraudulently misrepresented the Hotel was ADA compliant, that the Hotel is fraudulently misidentified, and that Defendants are engaged in a civil conspiracy to defraud consumers, and that Defendants are liable for an aiding and abetting claim.  (*Id.* at 21–27).

## II.   Dismissal Standard

As noted in the Court's prior Order, courts may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) on its own, so long as it provides notice of the contemplated dismissal.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  The Court noted its "serious doubts as to whether Plaintiff adequately alleges an injury in fact sufficient to support any of his claims."[1]  An injury in fact is a necessary component to demonstrate standing.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2).  This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[1] Many courts, reading Mr. Strojnik's many complaints, have seen the same boiler-plate allegations and note Mr. Strojnik's "longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and [his] disability." *Strojnik v. IA Lodging Napa First LLC,* 2020 WL 2838814, at *11 (N.D. Cal. June 1, 2020) (granting a motion to declare Mr. Strojnik a vexatious litigant, in part, because of his continued failure to allege Article III standing); *see also Strojnik v. Kapalua Land Co., Ltd.*, 801 F. App'x 531, 531 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim against defendants Rand and Marr Jones Wang, LLP because Strojnik failed to allege facts sufficient to demonstrate an injury as a result of the alleged threat."); *Strojnik v. Orangewood LLC*, 829 F. App'x 783, 783 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of Article III standing because Strojnik failed to allege that the ADA barriers he identified affected him because of his disabilities."); *Strojnik v. BW RRI II, LLC*, 2020 WL 5210897, at *1 (N.D. Cal. Sept. 1, 2020) ("Because Strojnik hasn't explained how he was harmed by the hotel's accessibility barriers, he hasn't sufficiently alleged an injury-in-fact."); *Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) (holding Strojnik's photographs and captions to be bare legal conclusions insufficient to show how there are purported barriers his to accessibility); *Strojnik v. Hotel Circle GL Holdings*, LLC, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) (same); *Strojnik v. 1315 Orange LLC*, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (same); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1340 (E.D. Cal. 2020) (same).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555.  A complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

Under the motion to dismiss standard, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).  But courts are not required "to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  In alleging fraud, a party must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

**III.  Discussion**

In the ADA context, an injury exists when a public accommodation interferes with a disabled individual's "full and equal enjoyment" of the accommodation.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)).  To adequately allege an injury sufficient to give rise to an ADA claim, a plaintiff must allege what barriers he encountered "and how his disability was affected by them . . . ."  *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011)).  Plaintiff's Complaint fails to demonstrate how the alleged barriers affected his alleged disabilities or caused injury in any other way.

To begin, the Complaint implies that many of the Hotel's features are inaccessible

by wheelchair. However, it does not actually allege that Plaintiff was using a wheelchair on the day he visited the Hotel. *See Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977, at *8 (D. Ariz. May 19, 2021) ("Here, although [Mr.] Strojnik misleadingly notes that his physical conditions would require the use of a wheelchair '[i]n their unmitigated, active state' . . . he doesn't allege that he was actually using a wheelchair during his visit to Ashford's property."). Therefore, Plaintiff has not shown how wheelchair impediments (street access, stairs, loading zones, pool access, check-in counters, gift shop access) prevented him from full and equal enjoyment of the Hotel.

Overall, the Complaint lists seemingly arbitrary features of the Hotel and makes the conclusory assertion that they are ADA violations. For example, Plaintiff alleges that a flush control is unlawfully on the wrong side of a toilet. (Doc. 1-3 at 17). To evidence this, Plaintiff includes a photograph of the offending toilet. Exactly why the control, which appears to be on the right side of the toilet, not the left, denies him full and equal enjoyment of the Hotel is not made clear in the Complaint. Such allegations do not support a plausible claim. *See Twombly*, 550 U.S. at 555. All the Complaint's ADA allegations similarly suffer from this vagueness.

Because the Complaint fails to show how Plaintiff was injured, the Court will dismiss the ADA claim and the claims sounding in negligence for Defendants' alleged ADA violations. His allegation that the hotel misrepresented and failed to disclose its ADA compliance is similarly void of any detail because he fails to show how he in particular was injured.

His claims of fraud are also too vague to show any injury. Specifically, Plaintiff has not alleged with particularity how he was harmed by the Hotel's "brand deceit." Fed. R. Civ. P. 9(b). The accompanying claims for civil conspiracy and aiding and abetting must also fail because they too fail to show, beyond Plaintiff's conclusory statements, that Plaintiff was injured.

**IV. Conclusion**

The Complaint fails to allege any injury sufficient to support any of Plaintiff's

claims. Therefore, the Court dismisses Plaintiff's Complaint. Under the Court's Vexatious Litigant Order, if Plaintiff elects to amend his pleadings to include claims alleging violations of the ADA, Plaintiff shall post a bond for $10,000 within twenty-one days of amending his pleadings. *See* Vexatious Litigant Order at *11. If Mr. Strojnik fails to post this bond, the Court will dismiss this case for failure to comply with the Court's Vexatious Litigant Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1-3) is **dismissed**. Plaintiff shall have thirty (30) days from the day of this Order's entry in which to file a first amended complaint. If Plaintiff fails to file an amended complaint within thirty (30) days of this Order's entry, the Clerk of Court shall kindly dismiss this matter without further order.

**IT IS FURTHER ORDERED** that if Plaintiff files an amended complaint alleging violation of the Americans with Disabilities Act but fails to post a bond for $10,000 within twenty-one (21) days after the amended complaint is filed, the Clerk of Court shall kindly dismiss this action without further order.

Dated this 15th day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge